IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARY AKU QUARTEY,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RWT-15-1206 |
| **CHIEF JUSTICE JOHN ROBERTS,** *et al.*, | * | |
| Defendants. | * | |

## MEMORANDUM OPINION AND ORDER

On May 4, 2015, self-represented Plaintiff, Mary Aku Quartey, who is temporarily residing in a shelter in the District of Columbia, filed this action against Defendants President Barack Obama, Chief Justice John Roberts, First Lady Michelle Obama, Secretary Hillary Clinton, President Bill Clinton, General Collin [sic] Powell, Secretary Condollezza [sic] Rice, James Frank, and Robert Mawuller [sic]. ECF No. 1. She seemingly claims that she is a presidential candidate, "world predictor," inventor, and "Saint" and that Supreme Court Chief Justice Roberts has falsely accused her of being deceased or mentally ill. *Id.* Quartey futher asserts that Hillary Clinton was ordered by Chief Justice Roberts to file Quartey's death certificate in the Circuit Court for Baltimore City, and that Defendants collectively sold, removed, and changed her and her three biological children's brain cells, leg veins, and eye cells. *Id.* She demands that the Court direct Defendants to correct the "mental disable records" in prisons throughout the United States, take action to "permanently terminate Chief Justice Roberts," order Defendants to leave the Mid-Atlantic area, and submit Quartey's "theft suit cases" containing her personal documentation. *Id.* After reviewing the Complaint and Quartey's

Motion to Proceed *In Forma Pauperis*, ECF No. 2, the Court will grant her indigency motion and summarily dismiss the Complaint.

Under 28 U.S.C. § 1915, an indigent litigant may commence an action in federal court without prepaying the filing fee. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case before service of process upon a finding that the action has no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Thus, this Court must conduct a preliminarily review of the allegations in the Complaint before service of process and dismiss them if satisfied that the allegations have no factual or legal basis. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Supreme Court has found that a district court may dismiss the complaint of a pro se litigant under 28 U.S.C. § 1915 when the complaint includes only a "fanciful factual allegation" and lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992). An *in forma pauperis* complaint may not be dismissed "simply because the court finds the plaintiff's allegations unlikely." *Id.*

*Neitzke* explained that § 1915 "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." 490 U.S. at 327. Indeed, Congress even amended § 1915 in 1996, after the Supreme Court decided *Neitzke* and *Denton*, to mandate that a district court dismiss a case upon a finding that the complaint "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

The complaints of self-represented litigants are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a self-represented litigant to allow the development of a potentially meritorious case, *see Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a self-represented complaint, the plaintiff's allegations are assumed to be true. *Id.* at 93 (citing *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555-56 (2007)). Liberal construction, however, does not mean that a court can ignore a clear failure in the pleading to allege facts that set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387 (4th Cir. 1990); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (outlining pleading requirements under Federal Rule of Civil Procedure 8 for "all civil actions").

Here, Quartey, a frequent flyer in this Court,[1] presents claims that are wholly incredible and nonsensical. Even when giving a generous review to the self-represented Complaint, it is appropriate to dismiss Quartey's action under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim. Accordingly, it is this 13th day of May, 2015, by the United States District Court for the District of Maryland,

**ORDERED**, that Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 2) is hereby **GRANTED**; and it is further

**ORDERED**, that the Complaint is hereby **DISMISSED** under 28 U.S.C. § 1915(e)(2)(b)(ii) for the failure to state a claim; and it is further

---

[1] Since December of 2009, Mary Aku Quartey has filed over thirty-two civil actions in this Court.

**ORDERED**, that the Clerk is hereby **DIRECTED** to close this case; and it is further

**ORDERED**, that the Clerk is hereby **DIRECTED** to mail a copy of this Memorandum Opinion and Order to Plaintiff.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE